Marla **COHEN as parent and guardian of Samantha R. Cohen, Plaintiff/Counter–Defendant,**

v.

**WAUCONDA COMMUNITY UNIT SCHOOL DISTRICT NO. 118, Defendant/Counter–Plaintiff.**

**No. 91 C 1286.**

United States District Court,
N.D. Illinois, E.D.

Nov. 20, 1991.

## MEMORANDUM OPINION

GRADY, District Judge.

This case comes before the court on the parties' cross motions for summary judgment on defendant's counterclaim. For the reasons stated below, plaintiff/counter-defendant's motion for summary judgment is granted.

FACTS [1]

In October 1989, Robert Kenison ("Kenison"), the principal of Wauconda Grade School in Wauconda Community Unit School District No. 118 ("the District") enrolled plaintiff's daughter, Samantha Cohen, in the second grade. At the time Samantha enrolled, Kenison did not realize her address actually fell within the boundaries of a neighboring school district. Samantha was evaluated for special education services and placed in a supplemental learning-disabled program for the 1989–90 school year. Samantha continued this program when she began the third grade at Wauconda Grade School.

In September 1990, Kenison discovered that plaintiff's residence was outside the District's boundaries. On September 28, 1990, Kenison advised plaintiff, Samantha's mother, that she could either transfer Samantha's enrollment to the school in her actual district of residence or continue her enrollment at Wauconda Grade School on a tuition basis. Plaintiff refused to transfer Samantha or pay tuition and stated that she was planning to move to a new home in the Wauconda District within the year.

**1.** Unless otherwise indicated, all facts are taken from Defendant's Memorandum of Law in Support of its Motion for Summary Judgment on its Counterclaim.

On February 21, 1991, the District Board of Education ordered plaintiff to pay tuition for Samantha's continued enrollment from the date their proper district was discovered until they became District residents. On February 28, 1991, plaintiff filed this suit seeking a "Level I due process hearing" pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* On March 4, 1991, plaintiff moved for a temporary restraining order, alleging that Samantha would be irreparably harmed by a transfer to another district. On April 24, 1991, the District filed a counterclaim to recover unpaid tuition. On April 30, 1991, plaintiff moved to Buffalo Grove, terminated Samantha's enrollment in Wauconda Grade School, and transferred her to another school district.

On May 14, 1991, the court granted plaintiff's oral motion to dismiss her complaint as moot, and the District moved for Rule 11 sanctions against plaintiff. The only remaining issues in this case involve the District's counterclaim for tuition and motion for sanctions. Both parties have moved for summary judgment on the counterclaim.

## DISCUSSION

Summary judgment is appropriate only if no genuine issue of material fact exists and the movant is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining a motion for summary judgment, the court must view all inferences in the light most favorable to the non-moving party. *Regner v. City of Chicago,* 789 F.2d 534, 536 (7th Cir.1986).

The facts are not in dispute. Plaintiff admits she never resided in the District, and the District admits its error in enrolling Samantha for the 1989–90 and 1990–91 terms. The only remaining question is whether the District is entitled to charge plaintiff non-resident tuition for a portion of 1990–91 term, from the time it discovered its error until Samantha transferred schools.

The District argues that § 10–20.12a of The School Code "mandates that a school board charge tuition to non-resident pupils who attend schools of the district."

Defendant's Cross–Motion for Summary Judgment at ¶ 2. Section 10–20.12a *authorizes* school districts to charge tuition to non-resident pupils who attend district schools, but it does not appear to mandate non-resident tuition. Moreover, Illinois law implicitly recognizes a student's interest in remaining at the same school for an entire term. Section 10–20.12a also provides that "pupils who become non-resident during a school term shall not be charged tuition for the remainder of the school term in which they became non-resident pupils." Ill.Rev. Stat. ch. 122 ¶ 10–20.12a; *see also Kraut v. Rachford,* 51 Ill.App.3d 206, 9 Ill.Dec. 240, 246, 366 N.E.2d 497, 503 (1st Dist.1977) (where school enrolled student for two terms on a tuition-free basis, and student's living arrangements remained constant, school "fostered an objective expectancy in [plaintiff's] continuation at [the school] on the same basis"). Although plaintiff and Samantha never resided in the District, "becoming non-resident" within the terms of the statute is analogous to being suddenly advised that the school district made a mistake concerning the placement of their residence within the school district. Applying the public policy underlying the statute, this court concludes that the District is not entitled to recover non-resident tuition from plaintiff, and plaintiff is entitled to judgment on the counterclaim as a matter of law.

The District has also moved for Rule 11 sanctions against plaintiff on the ground that plaintiff's motion for a temporary restraining order was not well grounded in fact and was made for the improper purpose of "maintaining her child's enrollment ... on a tuition free basis until her personal plans made it convenient for her to change schools." Defendant's Motion for Sanctions at ¶ 8. The District notes the fact that plaintiff herself transferred Samantha to another school district upon moving to Buffalo Grove, less than two months after she asserted that transferring Samantha would cause her irreparable injury and claimed that she was purchasing a home in the Wauconda district. Plaintiff explains that financial and family concerns

prevented her from purchasing the home as planned and necessitated her move to an apartment in Buffalo Grove. Response to Defendant's Motion for Sanctions at ¶¶ 6–8. Further, plaintiff states that school officials at Buffalo Grove recommended that she transfer Samantha to the new school as soon as possible, to facilitate her adjustment. *Id.* at ¶ 9.

■ Plaintiff's motion for a temporary restraining order is not sanctionable under Rule 11. The fact that plaintiff later moved and transferred Samantha's enrollment does not indicate bad faith, nor does it mean that the motion was not well-grounded in fact at the time it was filed. Defendant's motion for Rule 11 sanctions is denied.

CONCLUSION

Plaintiff's motion for summary judgment on defendant's counterclaim is granted; defendant's motion for summary judgment is denied. Defendant's motion for sanctions is denied.